NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 21 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERT J. ANDERSON, | No. 23-15834 |
| Plaintiff-Appellant, | D.C. No. 2:20-cv-02514-DMC |
| v. | |
| MARTIN J. O'MALLEY, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Dennis M. Cota, Magistrate Judge, Presiding

Submitted February 16, 2024**
San Francisco, California

Before:  S.R. THOMAS, BEA, and CHRISTEN, Circuit Judges.

Appellant Robert J. Anderson timely appeals the district court's judgment, which affirmed the final decision of the Acting Commissioner of the Social Security Administration ("Commissioner") denying Anderson's application for Social

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Security Disability Insurance Benefits under Title II of the Social Security Act. Because the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo the district court's judgment affirming the Commissioner's denial of disability benefits to "determine whether the Commissioner's decision (1) is free of legal error and (2) is supported by substantial evidence." *White v. Kijakazi*, 44 F.4th 828, 833 (9th Cir. 2022) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996)). The "substantial evidence" standard requires only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). If the Commissioner's factual findings are supported by substantial evidence, then those findings are conclusive. *Id.* at 1152 (citing 42 U.S.C. § 405(g)).

1. Substantial evidence supports the Administrative Law Judge's ("ALJ") finding at step two that Anderson's mental impairments were non-severe because this finding was consistent with notes from Anderson's treating practitioners and other evidence demonstrating mild limitations. To be severe, an impairment must significantly limit a claimant's ability to do basic work activities. 20 C.F.R. § 404.1520(c). Contrary to Anderson's position, the ALJ explicitly considered and cited Dr. Jerry Boriskin's notes, which provided further support for the ALJ's

conclusion. Because even Dr. Boriskin's notes support the ALJ's finding that Anderson's mental impairment was non-severe, the ALJ's finding was supported by substantial evidence.

2. Substantial evidence supports the ALJ's finding at step three that Anderson's impairments did not meet or equal any impairment in the "Listing of Impairments" of 20 C.F.R. Part 404, Subpart P, Appendix 1. *See* 20 C.F.R. § 404.1520(a)(4)(iii). Anderson fails to explain how his impairments, even collectively, would satisfy or be analogous to any impairment listed in the regulations. Further, contrary to Anderson's assertion, the ALJ explicitly considered Dr. Julene Pena's assessment of Anderson's "extreme photophobia," and explained that other evidence of successful treatment and Anderson's motorcycling contradicted Dr. Pena's conclusions. As a result, Anderson fails to identify any error at step three.

3. Substantial evidence supports the ALJ's finding that Anderson's residual functional capacity permitted him to do medium work with certain limitations. *See* 20 C.F.R. § 404.1567(c). The ALJ explained that Anderson's "statements concerning the intensity, persistence and limiting effects of" his symptoms were not consistent with other evidence in the record. Further, Anderson is incorrect to assert that the "treating physician rule" applies in this case because he filed his application after March 27, 2017. *See Woods v. Kijakazi*, 32 F.4th 785, 787, 789 (9th Cir. 2022).

The ALJ appropriately discussed Dr. Pena's letter, medical expert testimony, and Anderson's testimony that he rides his motorcycle—which exposes him to light and dust—and concluded that Anderson could perform medium work with certain limitations.

4. Substantial evidence supports the ALJ's finding at step five that Anderson could adjust to jobs that existed in significant numbers in the national economy. To this point, Anderson argues that he "cannot do any other work." Anderson essentially challenges the ALJ's determination of residual functional capacity rather than the ALJ's use of a vocational expert's testimony and the Medical-Vocational Guidelines to find that Anderson was capable of making a successful adjustment to other work. As discussed above, substantial evidence supports the ALJ's finding that Anderson could perform medium work with certain limitations, so Anderson's argument fails.

**AFFIRMED.**